**[J-52A-2019 and J-52B-2019] [MO: Donohue, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| IN RE: RISPERDAL LITIGATION<br>JONATHAN SAKSEK, | : | No. 22 EAP 2018 |
| | : | |
| | : | Appeal from the Judgment of Superior |
| Appellant | : | Court entered on November 13, 2017 |
| | : | at No. 576 EDA 2015 (reargument |
| | : | denied January 16, 2018) affirming |
| v. | : | the Judgment entered on February |
| | : | 12, 2015 in the Court of Common |
| | : | Pleas , Philadelphia County, Civil |
| JANSSEN PHARMACEUTICALS, INC., | : | Division at No. 00183 February Term, |
| JOHNSON & JOHNSON COMPANY, | : | 2014, No. 296 March Term, 2010. |
| JANSSEN RESEARCH AND | : | |
| DEVELOPMENT, LLC, | : | ARGUED:  May 16, 2019 |
| | : | |
| Appellees | : | |
| | | |
| IN RE: RISPERDAL LITIGATION<br>JOSHUA WINTER, | : | No. 23 EAP 2018 |
| | : | |
| | : | Appeal from the Judgment of Superior |
| Appellant | : | Court entered on November 13, 2017 |
| | : | at No. 590 EDA 2015 (reargument |
| | : | denied January 16, 2018) affirming |
| v. | : | the Judgment entered on February |
| | : | 10, 2015 in the Court of Common |
| | : | Pleas , Philadelphia County, Civil |
| JANSSEN PHARMACEUTICALS, INC., | : | Division at No. 01170 March Term, |
| JOHNSON & JOHNSON COMPANY, | : | 2014, 296 March Term, 2010. |
| JANSSEN RESEARCH AND | : | |
| DEVELOPMENT, LLC, | : | ARGUED:  May 16, 2019 |
| | : | |
| Appellees | : | |

## <u>CONCURRING OPINION</u>

**JUSTICE BAER**                                       **DECIDED:  NOVEMBER 20, 2019**

I join the majority opinion reversing the Superior Court's affirmance of the trial

court's grant of summary judgment to Janssen Pharmaceuticals, Inc., Johnson & Johnson

Company, and Janssen Research and Development, LLC (collectively, Janssen).  I write separately to reiterate my concerns regarding Pennsylvania's continued adherence to the narrow approach to the discovery rule.

The majority correctly summarizes Pennsylvania jurisprudence regarding the discovery rule as utilizing a "narrow approach" involving "inquiry notice," which tolls the statute of limitations until a plaintiff has "actual or constructive knowledge" of the injury and awareness that the injury was caused by another.  Maj. Op. at 11.  This paradigm places a greater burden on plaintiffs as compared with the so-called "liberal" approach applied by most of our sister states.  *See Nicolaou v. Martin*, 195 A.3d 880, 892-93 (Pa. 2018); *Wilson v. El-Daief*, 964 A.2d 354, 363-65 (Pa. 2009).  The liberal approach looks to a plaintiff's actual or constructive knowledge of the existence of a cause of action, which tolls the statute of limitations until a reasonable plaintiff would have knowledge not only that an injury was caused by another but that the injury resulted from the negligence of another.  *Id.*

As I have previously expressed, I question whether this Court should align our discovery rule jurisprudence with the liberal approach adopted by the majority of our sister states.  *See Wilson*, 964 A.2d at 371-372 (Baer, J., concurring and dissenting).  Nevertheless, I recognize that the issue is not before the Court in this case.  Accordingly, as was true in our recent decision in *Nicolaou*, 195 A.3d at 892 n.14, "we await a future case" to consider whether to adopt the liberal approach.

Justice Donohue joins this concurring opinion.